Jacob Mabkowitz, J.
This is a Martin Act (General Business Law, §§ 352-359-h) proceeding. The defendants, Lewis Wolf, Lewis Wolf, Inc., and Michael C. Hellerman, move pursuant to rule 102 of the Rules of Civil Practice to require plaintiff to serve a further amended complaint making paragraphs Twenty-Third, Twenty-Sixth and Twenty-Eighth and Thirty-Second and Thirty-Third more definite and certain and for such other and further relief as may be just and proper.
The complaint charges at length with respect to a particular transaction involving the distribution of a fraudulent offering circular. In paragraph Twenty-Third plaintiff charges that in connection with the offering of the securities of Chrislin, the defendants represented in the offering circular “ This formulation and technique is being currently applied in the fields of electronics, giftware and oEce duplication.” The defendants urge that the words ‘1 This formulation and technique ’ ’ are not definite and certain and that they should not be required to examine their own offering circular to discover the allusion. The contention appears to have merit. An out of context quote from the circular does not without further clarification suEciently apprise defendants of the claims against them.
In paragraphs Twenty-Sixth and Twenty-Eighth allegations are made of the fact that the alleged representations were false *1039 beyond reasonable expectation, unwarranted by the circumstances existing at the time and ‘ ‘ omitted certain material facts The allegation that a representation was made is not an allegation of ultimate fact unless it is alleged what the representation was and it seems also that an allegation that material facts were omitted as basis for a charge of fraud and recovery of relief also is conclusory unless the material facts charged to be omitted are set forth.
In paragraphs Thirty-Second and Thirty-Third it is alleged that two of the named defendants fraudulently induced purchasers of the shares of Chrislin to purchase other stock sold by Lewis Wolf, Inc., in tie-in sales and that the defendant Heller-man fraudulently participated in the tie-in sales. The objection is that the facts and circumstances constituting the alleged fraud should be set forth. A statement of fraudulent inducement and of fraudulent participation is meaningless.
Accordingly, the motion is granted in all respects as prayed for. In addition, since paragraph Twenty-Fourth of the complaint depends on the validity of paragraph Twenty-Third, the motion is granted as to it also. Plaintiff may serve an amended complaint within 20 days of service of a copy of this order with notice of entry.